# IN THE UNITED STATES DISTRICT COURT
## NORTHERNDISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **KERVIN BROWN** | : | CASE NO.: _____ |
| 4543 Evangel Avenue Nw | : | |
| Massillon, Ohio 44647 | : | JUDGE _____ |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF MASSILLON, OHIO** | : | **COMPLAINT FOR MONEY** |
| One James Duncan Plaza N.E. | : | **DAMAGES.** |
| Massillon, Ohio  44646 | : | |
| | : | |
| **Defendant.** | : | (Jury Demand Endorsed Hereon) |

## NATURE OF COMPLAINT

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and the Anti-discrimination statutes of ORC Sections 4112, et. seq.  providing for relief from discrimination in employment on the basis of race and sex, and prohibiting retaliation against individuals for opposing discrimination and unlawful practices.  Plaintiff, an African-American, is a police officer employed by the City of Massillon, Police Department, who was and continues to be discriminated against in the terms and conditions of his employment on the basis of his race. Plaintiff engaged in protected activity regarding Defendant's failure to provide him an equal opportunity as he performed his job and forcing Plaintiff to work in a hostile work environment. Defendant, by and through its agents, and employees, retaliated against Plaintiff for engaging in protected activities and created an even more hostile work environment for Plaintiff.

## JURISDICTION AND VENUE

2.	This court has subject matter jurisdiction of this complaint and the statutory claims pursuant to 28. U.S.C. § 1331 because this action arises under the Constitution and the laws of the United States.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the unlawful actions complained of occurred in the City of Massillon, Ohio, Stark County, Ohio.

4. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission. Plaintiff received a Notice of Right to Sue on August 24, 2017 (Exhibit A). The Complaint is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## PARTIES

5. Plaintiff Kervin Brown ("George") is an Ohio police officer who was employed in that capacity by the Massillon Police Department ("MPD"). He is an African-American.

6. Defendant City of Massillon, is a municipality in the State of Ohio that maintains MPD which employs Plaintiff.

7. The significant actors in the discrimination to which Plaintiff was subjected, were and are duly appointed and acting officers of the City of Massillon, Department of Police, acting under color of law; to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Ohio and/or the City of Massillon.

## FACTUAL BACKGROUND

8. Plaintiff has been employed as a police officer with MPD for approximately 24 years.

9. Throughout Plaintiff's employment by MPD, Plaintiff has been subjected on a continuous basis to acts of in which his co-workers or certain of them have been afforded preferential treatment.

10. Although Plaintiff has been a dedicated, hardworking police officer for more than twenty-four (24) years, he has been denied opportunities for promotion and advancement even when he was far more qualified than the Caucasian individual selected.

11. Throughout 2017 to and through the date of this complaint, Plaintiff has been singled out by a Caucasian supervisor for incessant harassment for any minor infraction, given

unwarranted negative performance reviews, and refused requested transfers, customary accommodations, promotions or assistance.

12. Plaintiff has filed several internal complaints regarding his being unfairly treated, yet the unfair treatment continued unabated on a virtually daily basis.

## Count One:
## Hostile Work Environment; Constructive Discharge

13. Plaintiff incorporates by reference the foregoing paragraphs as if fully restated herein.

14. Plaintiff was subjected to continuous harassment by his supervisor(s).

15. The harassment to which Plaintiff was subjected was pervasive and abusive above that which a reasonable person should be made to endure.

16. Plaintiff complained to the superiors of his immediate supervisors and to the senior command of the City of Massillon's Department of Police.

17. Defendant was aware of Plaintiff's charges of harassment and of hostile working environment.

18. Despite repeated opportunities to do so, Defendant failed to take corrective action.

19. Defendant's conduct violates Title VII of the Civil Rights Act of 1964, as amended.

20. As a direct and proximate result of Defendant's unlawful employment actions, Plaintiff has been damaged and is entitled to compensatory damages in an amount to be determined at trial, but being not less than One Hundred Thousand Dollars ($100,000).

## Count Two:
## Race Discrimination

21. Plaintiff incorporates by reference the foregoing paragraphs as if fully restated herein.

22. Plaintiff, an African-American, is a member of a protected class under Title VII of the Civil Rights Act of 1964.

23. Defendants, by and through their agents and employees, have treated or allowed Plaintiff to be treated adversely to similarly-situated employees who are outside the protected groups contemplated in Title VII of the Civil Rights Act of 1964, as amended.

24. Such adverse treatment was based on Plaintiff's race.

25. As a direct and proximate result of Defendants' unlawful employment actions, Plaintiff has been damaged and is entitled to compensatory damages in an amount to be determined at trial, but being not less than One Hundred Thousand Dollars ($100,000).

## Count Three:
## Retaliation

26. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully restated herein.

27. Plaintiff filed numerous complaints within MPD in regard to the incidents of harassment, the hostile work environment, and the racial discrimination he experienced.

28. The filing of internal grievances and are protected activities within the meaning of Title VII of the Civil Rights Act of 1964.

29. Plaintiff's exercise of his civil rights were known by Defendant through its agents and employees.

30. Shortly after Defendants' agents and employees were made aware of Plaintiff's exercise of his civil rights, Defendant, through its agents and employees, took adverse employment actions against Plaintiff including but not limited to failing to provide needed

assistance to Plaintiff, refusing to permit less senior police officers relief some of the excessive workload imposed on Plaintiff, and creating a hostile work environment for Plaintiff.

31. Defendant's adverse actions in regard to the terms and conditions of Plaintiff's employment were causally connected to the protected activity engaged in by Plaintiff.

32. As a direct and proximate result of Defendant's unlawful employment actions, Plaintiff has been damaged and is entitled to compensatory damages in an amount to be determined at trial, but being not less than One Hundred Thousand Dollars ($100,000).

### Count Four:
### Intentional Infliction of Severe Emotional Distress

33. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully restated herein.

34. Defendant owed a duty to Plaintiff to refrain from intentional injury to Plaintiff.

35. Defendant, by and through its agents and employees, breached its duty to Plaintiff.

36. As a direct and proximate result of Defendant's breach of duty, Plaintiff has suffered injury in the form of, severe stress, embarrassment, humiliation, emotional distress, loss of reputation, loss of self-esteem, harm to Plaintiff's relationship with his family, and physical injury in the form of other adverse health effects. Plaintiff is therefore entitled to damages in an amount to be determined at trial, but being not less than One Hundred Thousand Dollars ($100,000).

### Requests For Relief

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment for Plaintiff and against the Defendant as follows:

   a) As to Count One, damages in an amount to be determined at trial, but being not less than One Hundred Thousand Dollars ($100,000);

    b)     As to Count Two, damages in an amount to be determined at trial, but being not less than One Hundred Thousand Dollars ($100,000);

    c)     As to Count Three, damages in an amount to be determined at trial, but being not less than One Hundred Thousand Dollars ($100,000); and

    d)     As to Count Four, damages in an amount to be determined at trial, but being not less than One Hundred Thousand Dollars ($100,000);

    e)     An award to Plaintiff of attorney's fees and for cost of suit; and

    f)     An award of such other relief as the Court may deem just and proper.

Respectfully submitted,
**LAW OFFICES OF CHARLES MCKINNEY**

*/s/ Charles A. McKinney*
Charles A. McKinney
Ohio Supreme Court # 0039214
118 West First Street, Suite 618
Dayton, OH 45402
Tel: (937) 461-9000
Fax: (937) 461-9640
*Attorney for Plaintiff, Kervin Brown.*

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all matters which may be tried to a jury.

*/s/ Charles A. McKinney*
Charles A. McKinney
*Attorney for Plaintiff*